UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

GREGORY GOODS,

            Petitioner,

vs.

JEFFREY MACOMBER, Warden,

            Respondent.

CASE NO. CV 16-914-JGB (AGR)

ORDER TO SHOW CAUSE

      The Court issues this Order To Show Cause directed to Petitioner because the face of the petition suggests that his challenge to his 2009 conviction may be time-barred.

      In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a portion of which established a one-year statute of limitations for bringing a habeas corpus petition in federal court. 28 U.S.C. § 2244(d). In most cases, the limitations period commences on the date a petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1).

      The time spent in state court pursuing collateral relief in a timely manner is excluded, *see* 28 U.S.C. § 2244(d)(2), and the statute also is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631 (2010).

Petitioner indicates that he signed the current petition on February 3, 2016. From the face of the petition and from judicially-noticeable materials, the Court discerns as follows:

(a) On July 30, 2009, a Los Angeles County Superior Court jury convicted Petitioner of several crimes, including forcible rape and kidnapping to commit rape. He was sentenced to prison for 63 years and eight months. Pet. ¶ 2.

(b) Petitioner appealed, presenting three grounds for relief not reasserted here. The California Court of Appeal affirmed on March 2, 2011. Pet. ¶ 3. On May 11, 2011, the California Supreme Court denied further direct review. Pet. ¶ 4.

(c) Petitioner sought certiorari in the Supreme Court, but the high court denied the petition on March 26, 2012 in its case number 11-8498. Petitioner's conviction became final at that time – and, on the current record, it appears that his one-year AEDPA limitations period also began to run.

(d) Nine and a half months passed. On January 8, 2013, Petitioner filed a habeas petition in the trial court, stopping the AEDPA clock with 75 days remaining. A year and a half later on July 10, 2014, the trial court denied the petition. Pet. ¶ 6(a).

(e) Sixty-three days passed. On September 11, 2014, Petitioner filed a habeas petition in the California Court of Appeal, reasserting the trial-court claims. That court denied relief on September 18, 2014. Pet. ¶ 6(b). If Petitioner *constructively* filed that petition several days before it was physically filed – and, thus, the "gap" between the trial court's denial and the filing of the appellate-court petition did not exceed "30 to 60 days" – then Petitioner is entitled to "gap tolling" for that period. *See Evans v. Chavis*, 546 U.S. 189, 193 (2006) (*Chavis*) (rejecting such tolling for unexplained gaps exceeding "30 to 60 days"). If so, he still had 75 days remaining in his one-year limitations period at this point.

(f) Three and a half months passed. On January 7, 2015, Petitioner presented the same habeas claims to the California Supreme Court. That court denied relief

on June 20, 2015. Pet. ¶ 6(c). This 111-day gap, if not satisfactorily explained, far exceeds the "30 to 60" period contemplated for "gap tolling" under *Chavis*.

(g) Seven and half months later, Petitioner signed the current petition.

\* \* \* \* \*

This action is time-barred unless equitable tolling applies. The action became stale no later (but possibly earlier) than early December of 2014, 75 days after the California Court of Appeal denied habeas relief. Petitioner's continuation of state habeas proceedings thereafter did not rejuvenate his stale claims. *See Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000). Even if Petitioner received "gap tolling" for the 111-day period between his final two state habeas petitions, moreover, the current action would still be stale. In that scenario, Petitioner would have had 75 days remaining in his AEDPA period when the California Supreme Court denied relief on June 20, 2015. Petitioner did not constructively file the current action for over seven months thereafter.

"[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland, supra,* 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." *Id.* at 653 (citations and quotation marks omitted). The extraordinary circumstances must have been the cause of an untimely filing. *Pace*, 544 U.S. at 418. "[E]quitable tolling is available for this reason only when '"extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time"' and '"the extraordinary circumstances" were the *cause* of [the prisoner's] untimeliness.'" *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (citations omitted, emphasis in original). There is no indication in the petition that Petitioner is entitled to equitable tolling.

**Accordingly, Petitioner shall show cause in writing why this action should not be dismissed as being barred by the one-year statute of limitations. Petitioner shall file his response to the Court's Order to Show Cause not later than 30 days from the filing date of this Order.**

**If Petitioner does not file a response within the time allowed, the action may be dismissed for failure to timely file, and for failure to prosecute.**

IT IS SO ORDERED.

DATED: February 19, 2016

*Alicia G. Rosenberg*

ALICIA G. ROSENBERG
United States Magistrate Judge