O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY GOODS,<br><br>                   Petitioner,<br><br>          v.<br><br>JEFFREY MCCUMBER, Warden,<br><br>                   Respondent. | CASE NO. 2:16-CV-00914-JGB (SK)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION** |

## I.
## INTRODUCTION

Petitioner, a California state prisoner proceeding pro se, filed a 577-page petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his 2009 conviction for kidnapping and rape for which he was sentenced to more than 60 years in prison. (Petition ("Pet."), ECF No. 1). Respondent moved to dismiss the Petition on the ground that it is time-barred by the one-year statute of limitations because the Petition was filed four years after Petitioner's conviction became final in March 2012. (ECF No. 17). Petitioner opposed the motion based on equitable tolling, arguing that he had been diligently pursuing his rights, but that the California Department of Corrections and Rehabilitation's ("CDCR's") 50-page photocopy limit was an

1  extraordinary circumstance beyond his control that should excuse the
2  untimeliness of the Petition.  (Opposition ("Opp."), ECF No. 20).  Because
3  Petitioner has not demonstrated that this photocopy limitation was an
4  extraordinary circumstance that made it impossible for him to timely file,
5  Respondent's motion is GRANTED and the Petition is ordered DISMISSED.

6                                           **II.**

7                                   **DISCUSSION**

8          Petitioner's conviction became final in March 2012, when the U.S.
9  Supreme Court denied certiorari.  *See* 28 U.S.C. § 2244(d)(1)(A).  His federal
10 habeas petition was constructively filed almost four years later in February
11 2016.  (Pet. at 10).  Petitioner does not dispute that his Petition is untimely
12 on its face, but argues instead that the four-year delay in filing should be
13 excused because of equitable tolling.[1]  (Opp. at 1).  Petitioner contends that
14 because his federal petition is more than 300 pages (not including exhibits)
15 and asserts 20 grounds for relief, the CDCR's 50-page copy limit per
16 photocopying session obstructed his ability to copy and file his petition on
17 time.  (Opp., Exh. A at 2).

18         "[T]he threshold necessary to trigger equitable tolling [...] is very high,
19 lest the exceptions swallow the rule."  *Miranda v. Castro*, 292 F.3d 1063,
20 1066 (9th Cir. 2002) (quotations omitted).  A habeas petitioner seeking
21 equitable tolling bears the heavy burden of showing: "(1) that he has been
22 pursuing his rights diligently, and (2) that some extraordinary circumstance
23 stood in his way."  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  The
24 extraordinary circumstance must be the cause of the untimeliness.  *See*

---

25 [1] Petitioner also filed 10 state habeas petitions, which were pending in the state courts at
26 various times between January 2013 and May 2015.  Petitioner does not argue, nor could
   he, that sufficient statutory tolling is available to save his petition here.  There were
27 several extended periods of time, ranging from approximately 70 days to approximately
   six months, during which there was no properly-filed state habeas petition pending.  (LD
28 6, 20-51).

1  *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).  Petitioner's arguments

2  do not justify equitable tolling here.

3       At the outset, a prison's photocopying limitation does not constitute an

4  extraordinary circumstance.  Such "ordinary prison limitations" – including

5  limited access to a "copier" – have unequivocally been rejected as

6  extraordinary grounds justifying equitable tolling.  *Ramirez v. Yates*, 571

7  F.3d 993, 997 (9th Cir. 2009).  In addition, there is no reason why the

8  Petition needed to be 577 pages long.  A federal petition need only state the

9  grounds for relief, the essential facts supporting each ground, and the relief

10  requested.  *See* Rule 2(c) of Rules Governing Section 2254 Cases.  It is

11  Respondent's obligation, not Petitioner's, to lodge voluminous trial

12  transcripts, state court briefs, and state court orders.  *See* Rule 5(c)-(d).  And

13  the Court may order expansion of the record when necessary.  *See* Rule 7.

14  Petitioner needlessly attached more than 350 pages of exhibits, consisting of

15  trial transcripts, state court briefs, and other state court documents, which

16  Petitioner did not have to attach or certainly could have lodged later after

17  filing a timely petition.  Nor does the fact that Petitioner may be raising 20

18  claims explain why more than 200 pages (excluding exhibits) were necessary

19  to state the claims and provide the supporting facts.  Petitioner could have

20  adequately addressed his claims in 50 pages or less.

21       Furthermore, Petitioner has not demonstrated how the photocopying

22  limitation made it impossible for him to file a timely petition for an entire

23  year after his conviction became final.  *See Randle v. Crawford*, 604 F.3d

24  1047, 1057 (9th Cir. 2010) ("Equitable tolling is only appropriate if

25  'extraordinary circumstances beyond a prisoner's control make it impossible

26  to file a petition on time.'") (citation omitted).  While the photocopy limit

27  may have made it more burdensome, Petitioner was not precluded from

28  filing his federal petition on time because of the 50-page copy limit.  Even if

1   Petitioner mistakenly believed he needed to submit more than 200 pages of

2   supporting facts and arguments – and lodge more than 350 pages of exhibits

3   – "a pro se petitioner's lack of legal sophistication is not, by itself, an

4   extraordinary circumstance warranting equitable tolling." *Rasberry v.*

5   *Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

6                                   **III.**

7                              **CONCLUSION**

8        Because a photocopy limit is not an extraordinary circumstance and, in

9   any case, Petitioner has not shown how that limit was the direct cause of his

10  filing his federal petition four years late, the Petition must be dismissed as

11  untimely. *See* 28 U.S.C. § 2244(d); *Jiminez v. Rice*, 276 F.3d 478, 483 (9th

12  Cir. 2001).  Respondent's Motion to Dismiss the Petition is GRANTED and

13  the Petition is ordered DISMISSED.  Judgment dismissing this action shall

14  be entered accordingly.

15       **IT IS SO ORDERED.**

16

17

18  DATED: <u>January 20, 2017</u>

19                                           HON. JESUS G. BERNAL
                                             U.S. DISTRICT JUDGE

20

21

22

23

24  PRESENTED BY:

25

26  HON. STEVE KIM
    U.S. MAGISTRATE JUDGE

27

28

                                     4